## Pauline Siess, Defendant in Error, v. Robert Banzuly, Plaintiff in Error.

### Gen. No. 18,641.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 4, 1913.

### Statement of the Case.

Action by Pauline Siess against Robert Banzuly for damages from a breach of contract for employment. From a judgment for plaintiff, defendant brings error.

WILLIAM DANIEL JOHNSON, for plaintiff in error.

HAROLD D. HUSZAGH, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

EVIDENCE, § 476*—*number of witnesses does not determine weight.* A judgment for a plaintiff in an action on a breach of contract for employment will not be reversed merely because there were two witnesses against one.

---

## Charles M. Hoff, Appellee, v. American Development Company, Appellant.

### Gen. No. 18,678.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed November 4, 1913.

## Statement of the Case.

Bill by Charles M. Hoff, a minor, by Walter F. Sommers, guardian, against the American Development Company, a corporation, to vacate a judgment in his favor for fraud. From a decree *pro confesso* for complainant entered upon bill and plea supported by answer, defendant appeals.

GOODRICH, VINCENT & BRADLEY, for appellant; WARREN NICHOLS, of counsel.

EDWARD MAHER and FRANK D. BURGESS, for appellee; HARRY F. BREWER, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENTS, § 302*—*when not to be vacated by infant.* A minor filed a bill to vacate a judgment in the Municipal Court of Chicago for fraud on the ground it had been satisfied by paying the money to his father without his knowledge or approval. The plea set out the filing of a petition in the Municipal Court similar to the bill, that an order of continuance therein had not been complied with or any exception or appeal taken, and that the guardian's subsequent motion in the same proceeding to vacate the judgment was denied without any exception or appeal taken. *Held*, either that a final order had been entered or the proceeding was still pending and the plea should be sustained and bill dismissed.

2. MUNICIPAL COURT OF CHICAGO, § 19*—*nature of proceeding to vacate judgment.* A petition in the Municipal Court of Chicago to vacate a judgment filed pursuant to the Municipal Court Act, § 21, J. & A. ¶ 3333, is in the nature of an equitable proceeding.

Mr. JUSTICE CLARK took no part in this decision.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.